UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SMITH,<br><br>  Plaintiff,<br><br>v.<br><br>H. MADSEN, et al.,<br><br>  Defendants. | Case No. 21-cv-04590-JSC<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT; GRANTING EXTENSION OF TIME; STAYING AND REFERRING CASE TO PRO SE PRISONER MEDIATION PROGRAM**<br><br>Re: Dkt. Nos. 20, 27 |

## INTRODUCTION

Plaintiff, a California prisoner proceeding without being represented by an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against three correctional officers at the Correctional Training Facility: H. Madsen, S. Maiorana, and V. Garcia. The Court ordered Defendants to file a motion for summary judgment, if any, on or before October 29, 2021. (ECF No. 7.) Only Defendant Garcia filed a motion for summary judgment. (ECF No. 20) Plaintiff filed an opposition (ECF No. 29), and Garcia filed a reply brief (ECF No. 31).[1] For the reasons discussed below, the motion for summary judgment is DENIED, and the case is referred to Magistrate Judge Illman and the Pro Se Prisoner Mediation Program for mediation proceedings.

## BACKGROUND

Except where otherwise specified, the parties agree on the following facts.[2]

At approximately 10:00 a.m. on November 20, 2019, Defendants Maiorana and Madsen went to Plaintiff's cell to escort him to a meeting. (ECF No. 1 at 9.)[3] According to Plaintiff,

---

[1] Plaintiff's motion for an extension of time to file an opposition is GRANTED.
[2] The alleged facts in the Complaint that are within Plaintiff's knowledge may serve as evidence because the Complaint is verified. (ECF No. 1.) *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating verified complaint as affidavit opposing summary judgment where allegations were based on plaintiff's personal knowledge).
[3] This Order's citations to pages in filed documents uses the electronic docket's pagination, not the

Madsen said that she would conduct a "random" search of Plaintiff because Plaintiff had previously filed administrative grievances against her. (*Id.*) Plaintiff requested a supervisor be present, and for Maiorana instead of Madsen to search him because Plaintiff believed that Madsen had a history of assaulting inmates. (*Id.* at 10.) Defendants assert that Plaintiff resisted the search (ECF Nos. 20-3 at 2, 20-4 at 2), which Plaintiff denies (ECF No. 1 at 10.) According to Plaintiff, Maiorana "aggressively and using force and his body weight, lunged into Plaintiff's back, slamming Plaintiff's body into the wall" and causing him "excruciating" pain, and Madsen then handcuffed Plaintiff's hands "very tight" while Maiorana kept his body weight pressed against Plaintiff. (*Id.*) Madsen searched Plaintiff and found in his pocket a bottle of liquid that later proved to be morphine and codeine. (ECF No. 20-3 at 2.) Plaintiff was examined by prison medical personnel who omitted from their medical report Plaintiff's statement of being in "extreme pain." (*Id.* at 11.) Madsen and Maiorana filed incident reports describing their version of the events. (ECF No. 20-3 at 4-5; 20-4 at 4-5.) Plaintiff states that these reports are false. (ECF No. 1 at 11.)

According to Plaintiff, Defendant Garcia was present during the incident, but she did not do or say anything to stop Madsen or Maiorana from using force. (*Id.* at 10; ECF No. 20-5 at 12.) Plaintiff's administrative grievance regarding the incident, filed approximately two weeks later, also asserted that Garcia was present. (ECF No. 29 at 23.) Garcia denies being at the incident, however, and states that she was working in her office that morning and was in the restroom when Madsen's personal alarm sounded. (ECF No. 20-2 at 2.) Madsen and Maiorana also state that Garcia was not present, and their incident reports do not mention her. (ECF Nos. 20-3 at 2, Exh. A; 20-4 at 2, Exh. A.) Garcia did not write an incident report. (ECF No. 1 at 11; No. 20-2 at 2.)

**DISCUSSION**

I.   Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a

---

page numbers on the documents themselves.

2

1   matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of
2   the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,248 (1986). A dispute as to a material
3   fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the
4   nonmoving party. *Id.*

   The moving party for summary judgment bears the initial burden of identifying those
portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine
issue of material fact. *Celotex Corp.v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving
party has met this burden of production, the nonmoving party must go beyond the pleadings and,
by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for
trial. *Id.* If the nonmoving party fails to produce enough evidence to show a genuine issue of
material fact, the moving party wins. *Id.*

   At summary judgment, the judge must view the evidence in the light most favorable to the
nonmoving party. *Tolan v. Cotton*, 572 U.S. 650, 652 (2014). If more than one reasonable
inference can be drawn from undisputed facts, the trial court must credit the inference in favor of
the nonmoving party. *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

II.   Discussion

   1.   Eighth Amendment

   Plaintiff claims that Garcia violated his Eighth Amendment rights because she failed to
intervene in the use of excessive force by Maiorana and Madsen. In a state prisoner's claim that a
prison official used excessive force, "the unnecessary and wanton infliction of pain . . . constitutes
cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S.
312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). Officers may be
held liable if they have an opportunity to intercede when their fellow officers use unconstitutional
force but fail to do so. *See Cunningham v. Gates*, 229 F.3d 1271, 1289-90 (9th Cir. 2000).

   Garcia argues that she is entitled to summary judgment both on the merits and on qualified
immunity grounds because there is no triable issue of fact as to whether she was present when the
other Defendants used force. This issue is material to Plaintiff's Eighth Amendment claim
because if she was absent, she could not have intervened. In particular, Garcia argues that

3

"[g]iven the overwhelming evidence that Garcia was not present at the incident, Smith must present unusually strong evidence to maintain a claim against Garcia." (Dkt. No. 20 at 6.)  Garcia claims that Smith's statements as to Garcia's presence are insufficient. (*Id.* ("Given the strength of Garcia's evidence and the weakness of Smith's unsubstantiated claim, the Court must grant summary judgment in Garcia's favor").)

Garcia's recitation of the summary judgment standard is incorrect.  First, in considering a summary judgment motion, the trial court is not allowed to weigh the evidence, that is, determine its "strength" or that it is "overwhelming."  *See Tolan v. Cotton,* 572 U.S. 650, 656 (2014).  Second, the trial court cannot disregard declarations or other sworn statements merely because they are self-serving and (allegedly) uncorroborated.  *See, e.g., Nigro v. Sears, Roebuck and Co.*, 784 F.3d 495, 497-98 (9th Cir. 2015); *Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001) ("self-serving affidavits are cognizable to establish a genuine issue of material fact so long as they state facts based on personal knowledge and are not too conclusory").  Instead, in ruling on a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

Applying this correct summary judgment standard, Garcia has not met her burden of showing that there is no genuine dispute as to her presence at the alleged incident.  The record includes two sworn statements by Plaintiff --- in his verified Complaint and in his deposition --- that he witnessed Garcia at the scene when the other Defendants used force against him. (ECF No. 1 at 10; ECF No. 20-5 at 12.)[4]  As this evidence must be treated as true, there is a genuine dispute as to whether Garcia was present.  Further, approximately two weeks after the incident, Plaintiff filed an administrative grievance in which he states that Garcia was present. (ECF No. 29 at 23.)  Defendants' sworn statements to the contrary, as well as Garcia's omission from their incident reports, merely create a genuine dispute.  Moreover, there is no evidence --- apart from Defendants' declarations --- blatantly contradicting Plaintiff's sworn statements.  *Cf. Scott v.*

---

[4] Plaintiff also stated in his declaration filed with his opposition papers that Garcia was present, but the Court cannot consider this declaration because it is not signed. (ECF No. 29 at 1.)

4

*Harris*, 550 U.S. 372, 380-83 (2007) (police officer entitled to summary judgment where video evidence blatantly discredited plaintiff's account). On the record in this case, the genuine dispute about Garcia's presence during the use of force precludes granting her summary judgment. *See*, e.g., *Orn v. City of Tacoma*, 949 F.3d 1167, 1171-73, 1178-79 (9th Cir. 2020) (officer not entitled to summary judgment where officer and plaintiff gave conflicting account of whether police officer was in path of plaintiff's vehicle and nothing in the record blatantly contradicted plaintiff's account).

Garcia also argues that "[b]ecause [she] did not violate any of Smith's rights, she must be granted qualified immunity." (ECF No. 20 at 10.) A court considering a claim of qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Garcia's contention that she did not violate Plaintiff's rights is premised on her faulty argument that there is no genuine dispute of fact as to whether Garcia was present during the use of force.[5] For the reasons discussed, there is a genuine dispute as to whether she was present --- and failed to intervene --- during the use of force. Therefore, her argument for summary judgment on qualified immunity grounds fails.

    2.    <u>Retaliation</u>

Plaintiff also claims that Garcia violated his First Amendment rights by failing to intervene in and to report that the force was used in retaliation for his previously filing administrative grievances against Madsen. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). A prisoner may not be retaliated against for using

---

[5] Garcia makes no argument that the law was not "clearly established."

administrative grievance procedures. *Id.* at 567.

Evidence probative of retaliatory motive includes proximity in time between the protected speech and the alleged adverse action, the prison official's expressed opposition to the speech, and the prison official's proffered reason for the adverse action was false or pretextual. *Shepard v. Quillen*, 840 F.3d 686, 689-91 (9th Cir. 2016). Retaliatory motive may also be shown by inconsistency with previous actions, as well as direct evidence. *Bruce v. Ylst*, 351 F.3d 1283, 1288-89 (9th Cir. 2003).

A reasonable trier of fact could find that Garcia refused to intervene or document the use of force in retaliation for Plaintiff's prior grievances. From Plaintiff's verified allegations, a trier of fact could find that Madsen, Maiorana and Garcia entered Plaintiff's cell and, while all were present, Maiorana told Plaintiff that he needed to be brought to Lieutenant Landrum for an interview related to his grievance filed against Madsen. While Plaintiff was escorted from the cell, Madsen, in effect, told Plaintiff they were going to search him because he likes to file grievances against Madsen. The alleged force then occurred while Garcia stood by and watched. (Dkt. No. 1 at 9-10.)

Drawing all reasonable inferences in Plaintiff's favor from these facts, a trier of fact could find that Garcia refused to intervene and document the use of force in retaliation for Plaintiff's grievances given that the grievances were the stated reason for the search that led to the force. Further, a trier of fact could find that Garcia's stated explanation for her conduct—she was not there—was false, thus lending further support for the retaliation claim. And, in terms of proximity in time, accepting Plaintiff's allegations as true, Madsen stated that Plaintiff's grievances were the reason for the search (thus leading to the force) at the time Garcia did not intervene and document the force, further supporting a finding of a retaliatory motive.

Garcia also argues that she has "taken no adverse action against" Plaintiff. (ECF No. 20 at 5.) Harm that "would chill a 'person of ordinary firmness' from complaining" is sufficient to establish adverse action for purposes of a retaliation claim. *Shepard v. Quillen*, 840 F.3d 686, 691 (9th Cir. 2016). Garcia argues that her failure to report the use of force was not adverse because the other Defendants reported it. Garcia ignores the principal adverse action asserted by Plaintiff,

namely her failure to intervene in the use of force. A reasonable trier of fact could determine that Garcia's failure to intervene in the use of force against Plaintiff because he had previously filed an administrative grievance would chill a person of ordinary firmness from filing grievances in the future.

Garcia's arguments for summary judgment on Plaintiff's retaliation claim fail because there are triable factual issues as to whether she took adverse action that chilled his speech because of his prior administrative grievance against Madsen.

## CONCLUSION

In light of the foregoing, Garcia's motion for summary judgment is DENIED.

Prior to setting this case for trial, the Court finds good cause for the parties to attempt to resolve their dispute in mediation proceedings. Accordingly, this case is REFRERRED to Magistrate Judge Illman pursuant to the Pro Se Prisoner Mediation Program.

The mediation proceedings shall take place within 120 days of the date this order is entered. Magistrate Judge Illman shall coordinate a time and date for a mediation proceeding with all interested parties or their representatives and, within five days after the conclusion of the mediation proceedings, file a report. All mediation proceedings shall be confidential and no statement made therein will be admissible in any proceedings in the case, unless the parties otherwise agree. No part of the mediation proceeding shall be reported, or otherwise recorded, without the consent of the parties, except for any memorialization of a settlement.

All further proceedings in this case except those related to the mediation proceedings, as ordered or permitted by Magistrate Judge Illman, are STAYED pending completion of the mediation proceedings.

The clerk shall send a copy of this order to Magistrate Judge Robert Illman.

This Order disposes of Docket Nos. 20 and 27.

**IT IS SO ORDERED.**

Dated: June 24, 2022

JACQUELINE SCOTT CORLEY
United States District Judge